**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **WASHINGTON** § | | |
| **Plaintiff,** § | | |
| § | | |
| **V.** § | No.  5:05CV196 | |
| § | | |
| **COMMISSIONER OF SOCIAL** § | | |
| **SECURITY ADMINISTRATION** § | | |
| **Defendant.** § | | |

**ORDER**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, this action to review the final decision of the Secretary of Health and Human Services was referred to the Honorable Caroline M. Craven for pretrial purposes.   The complaint in the above-entitled and numbered civil action was filed October 11, 2005.  Plaintiff, proceeding *pro se*, failed to serve the summons and complaint upon Defendant within 120 days after the filing of the complaint. Therefore, on March 29, 2006, the Court ordered Plaintiff to show cause within thirty (30) days from the date of the Order why the action should not be dismissed for failure to prosecute.

The Clerk of the Court sent the Order to Plaintiff via certified mail.  An acknowledgment of receipt signed by Plaintiff and dated April 4, 2006 was filed with the Court on April 17, 2006.  On April 24, Plaintiff filed a motion titled "Motion for Hearing to Bring Counsel and Better Understand Trial Procedures Before Possible Dismissal."  In the motion, Plaintiff requests a hearing "in order that [he] might bring counsel to take over the trial. [He] feels that [he] should be paid for at least the year of 2003-2004. [He] was under no work orders fro the doctor.  A bone in [his] arm was broken

in half from the major car accident.

Plaintiff failed to show good cause for his failure to serve the summons and complaint upon Defendant as ordered by the Court. Therefore, on May 10, 2006, the undersigned recommended to the District Judge that Plaintiff's above-referenced cause of action be dismissed without prejudice. Although it is not clear whether Plaintiff has moved for appointment of counsel in his April 24 brief, the Court, out of an abundance of caution, will construe the brief as a request for counsel. The Court is of the opinion Plaintiff's request should be **DENIED** for the following reasons.

The Constitution does not require the Government to provide attorneys for civil litigants. *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980); *see also* 28 U.S.C.A. § 1915(c), (d), and (e)(1). A federal court may appoint counsel to represent an indigent civil litigant. *Bounds v. Smith*, 430 U.S. 817, 826 n. 15 (1975); *see also* 28 U.S.C. § 1915(e)(1). A United States Court "has the power to appoint attorneys to represent indigent" civil litigants seeking "to redress a federal statutory right." 28 U.S.C. § 1915(c) and (d). A federal district court may appoint counsel for a plaintiff bringing suit for denial of disability benefits under Title II of the Social Security Act. *Tolbert v. Secretary of Health and Human Servs.*, 537 F. Supp. 631, 631 n. 1 (N.D. Ill. 1982). Whether to appoint counsel to represent an indigent civil litigant is within the court's sound discretion. *See* 28 U.S.C. § 1915(e)(1).

The right to court-appointed counsel is a privilege justified only by exceptional circumstances. Plaintiff has the burden of persuasion regarding the application for appointment of counsel. Any appointed counsel will serve entirely without compensation unless the suit is successful and attorney's fees are awarded. As a practical matter, then, any appointed counsel must pursue the claim irrespective of whether, in his professional judgment, the claim has little or no

chance for success.

Plaintiff's complaint does not indicate that he has attempted to hire an attorney in private practice and negotiate a fee that he can afford. After due consideration, this Court finds that Plaintiff has failed to show the existence of any exceptional circumstances or even that he has made reasonable efforts to obtain counsel. Accordingly, it is

**ORDERED** that Plaintiff's request for appointment of counsel is **DENIED**.

**SIGNED this 16th day of June, 2006.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE